UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SCOTTS-SIERRA HORTICULTURAL :
PRODUCTS COMPANY, et al., :
: Case No. C2 05 177
       Plaintiffs, :
: Judge Sargus
  -vs- :
: Magistrate Judge Kemp
SUN GRO HORTICULTURE CANADA :
LTD., et al., :
       Defendants. :

**FINAL CONSENT JUDGMENT**

Pursuant to agreement of the undersigned parties, the Court hereby enters final judgment by consent in this action as follows:

**Stipulation of Jurisdictional Facts**

1. Each of the undersigned parties stipulates to the following jurisdictional facts: (a) Plaintiff Scotts-Sierra Horticultural Products Company ("Scotts-Sierra") is a corporation organized under the laws of the State of California, with its principal place of business in Marysville, Ohio; (b) Plaintiff OMS Investments, Inc. ("OMS") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Los Angeles, California; (c) Defendant Sun Gro Horticulture Canada, Ltd. ("Sun Gro") is a Canadian corporation organized under the laws of the Province of British Columbia, with its principal place of business in Vancouver, British Columbia; (d) Defendant Horticulture Brands Limited Partnership ("HBLP") is a Canadian limited partnership organized under the laws of the Province of British Columbia, with its principal place of business in Vancouver, British Columbia; (e) Defendant Sun Gro Horticulture CM, Ltd. ("SGCM") is a Canadian corporation organized under the laws of the Province of British Columbia, with its principal place of business in Vancouver, British

Columbia; (f) complete diversity of citizenship exists between each Plaintiff and each Defendant; (g) the amount in controversy, exclusive of interest and costs, exceeds $75,000; and (h) each Defendant consents to the personal jurisdiction of this Court.

### Findings of Fact and Conclusions of Law

2. On or about July 27, 2004, Scotts-Sierra and OMS entered into a contract (the "Purchase Agreement") with Sun Gro under which Scotts-Sierra and OMS agreed to sell and Sun Gro agreed to buy certain brands, formulas and customer lists relating to the horticultural products known as Redi-Earth and Metro-Mix, which are growing-media products used by greenhouses, nurseries and other businesses in the horticulture industry.

3. Scotts-Sierra and OMS intended to sell only United States Trademark Registration No. 998,042 for Metro-Mix and United States Trademark Registration No. 830,863 for Redi-Earth (the "U.S. Trademarks"), and not to include international trademark rights for Metro-Mix and Redi-Earth.

4. Among other things, Sun Gro intended to purchase the brands and the U.S. Trademarks, which Sun Gro understood to mean that it was acquiring rights in the brands, without geographical limit, and believed that Scotts-Sierra and OMS represented that they possessed such ownership interest to transfer.

5. After execution of the Purchase Agreement but prior to its closing, Sun Gro assigned its rights and obligations under the Purchase Agreement to HBLP. HBLP's general partner is SGCM.

6. The closing of the transaction contemplated by the Purchase Agreement occurred on September 30, 2004, at which time the Purchased Assets (as they were defined in the Purchase Agreement), including the U.S. Trademarks, were transferred and payment was made.

7. At the time of closing, a Bill of Sale and Assignment ("Bill of Sale") was executed by and between Scotts-Sierra and OMS as "Sellers" and HBLP as "Buyer," which confirmed that Scotts-Sierra and OMS had transferred the Purchased Assets to HBLP. The Bill of Sale expressly stated that it was "subject to the terms and conditions of the [Purchase] Agreement" and that no provision of the Bill of Sale "shall be deemed to enlarge, alter or amend the terms or provisions of the [Purchase] Agreement."

8. On February 3, 2005, counsel for Sun Gro sent a letter to in-house counsel for Scotts-Sierra and OMS in which she stated that she identified two trademark registrations and a pending application in other countries, namely Japan and Canada, which appeared to suggest that Sellers had breached their representations and warranties about ownership of all right, title and interest in the brands transferred to HBLP and, further, that to remedy such breach, Sun Gro requested that Scotts-Sierra and/or OMS arrange for those contravening ownership interests to be transferred to HBLP.

9. Scotts-Sierra and OMS disagreed with Sun Gro's interpretation of the Purchase Agreement and Sun Gro's remedies and filed this lawsuit seeking a declaratory judgment as to their obligations.

10. Sun Gro desires to avoid further controversy or expense relating to this dispute irrespective of its intent or understanding.

11. Pursuant to the agreement of the parties, the Court hereby DECLARES that (1) the only trademarks Scotts-Sierra and OMS sold to HBLP (as assignee of all of Sun Gro's rights) under the Purchase Agreement were the U.S. Trademarks; (2) under the Purchase Agreement, Scotts-Sierra and OMS did not sell, and had no obligation to convey to Sun Gro or its assignee, HBLP, any Canadian, Japanese or other international trademark rights for Metro-Mix or Redi-Earth; (3) Scotts-Sierra and OMS did not breach any warranties or representations in the Purchase Agreement, Bill of Sale, or any other related agreement, regarding their ownership of or ability to transfer good and marketable title to non-U.S. trademark rights for Redi-Earth or Metro-Mix and did not make any misrepresentations regarding their ownership of or ability to

transfer good and marketable title to non-U.S. trademark rights for Redi-Earth or Metro-Mix; (4) Scotts-Sierra and OMS have conveyed and delivered all Intellectual Property designated in Article 3.6 and Schedule 3.6 of the Purchase Agreement to HBLP (as assignee of all of Sun Gro's rights); provided, however, that HBLP is not waiving any rights it has for indemnification under Sections 8.1.3 and 8.2.3 of the Purchase Agreement.

12. The declaration set forth in Paragraph 11 resolves all claims and issues in the case, therefore making this a Final Judgment on the merits. Each party hereby waives all rights of appeal and shall bear its own costs.

SO ORDERED.

5-18-2005
UNITED STATES DISTRICT JUDGE

AGREED AND APPROVED:

SUN GRO HORTICULTURE
CANADA, LTD.

By: *Bradley Wiens*

HORTICULTURE BRANDS
LIMITED PARTNERSHIP

By: *Bradley Wiens*

SUN GRO HORTICULTURE CM, LTD.

By: *Bradley Wiens*

*Stephen E. Chappelear*
Stephen E. Chappelear  (0012205)
HAHN LOESER & PARKS LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215
Telephone:  (614) 233-5148
Facsimile:  (614) 233-5149

Trial Attorney for Defendants

SCOTTS-SIERRA HORTICULTURAL
PRODUCTS COMPANY

By: *Andrew B. Coogle*

OMS INVESTMENTS, INC.

By: *Edward Claggett*

*John W. Zeiger*
John W. Zeiger  (0010707)
ZEIGER, TIGGES,
LITTLE & LINDSMITH LLP
3500 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone:  (614) 365-9900
Facsimile:  (614) 365-7900

Trial Attorney for Plaintiffs

640-187:160883v3